J-S26032-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
JOHN WILSON, :
:
Appellant : No.  3026 EDA 2015

Appeal from the PCRA Order September 14, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division, at No(s): CP-51-CR-0743951-1991

BEFORE:    OLSON, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED MAY 06, 2016**

John Wilson (Appellant) appeals *pro se* from the order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, and denied his petition seeking *habeas corpus* relief. Upon review, we affirm.

On April 8, 1992, Appellant pled guilty to first-degree murder, aggravated assault, and criminal conspiracy.  He was sentenced to life imprisonment for the murder conviction and concurrent terms of imprisonment on the remaining convictions.  Appellant did not file a direct appeal.

Following several unsuccessful attempts at obtaining post-conviction relief, Appellant filed a PCRA petition on February 16, 2011, to which he also appended a motion for post-conviction DNA testing.  On April 7, 2014,

_____
*Retired Senior Judge assigned to the Superior Court.

Appellant filed a petition for writ of *habeas corpus*, alleging that he was being confined illegally "based on the absence of a sentencing order containing statutory authorization for the sentence imposed for the Department of Corrections [(DOC)] to detain him." Petition for Writ of *Habeas Corpus*, 4/7/2014, at 2. On September 16, 2014, Appellant filed a "Supplemental Petition[] for *Habeas Corpus* Relief," wherein he alleged that he was being confined illegally on the basis that his sentence was unlawful because the court "utilized capital case murder procedures in this non-capital case." "Supplemental Petition[] for *Habeas Corpus* Relief," 9/16/2014, at 2-3.

On July 24, 2015,[1] the PCRA court issued notice of its intent to dismiss Appellant's February 16, 2011 PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 on the basis that the petition was filed untimely.[2]

---

[1] The reason for the unacceptably-long delay in addressing Appellant's filings is not apparent from the record.

[2] The PCRA court also explained that Appellant's "subsequent filing styled 'Petition for *Habeas Corpus* Relief' was reviewed as a supplemental PCRA petition because it raised issues remediable under the PCRA." Rule 907 Notice, 7/24/2015. The PCRA court was referring to Appellant's September 16, 2014 "Supplemental Petition[] for *Habeas Corpus* Relief," as it went on to explain that, even assuming it had jurisdiction, Appellant would not be entitled to relief because he was "properly sentenced under 18 Pa.C.S. [§] 1102(a) to a term of life imprisonment," the scope of which "is not limited, as [Appellant] claimed, to capital-murder convictions." Rule 907 Notice, 7/24/2015. Moreover, in discussing its decision in this regard in its opinion issued pursuant to Pa.R.A.P. 1925(a), the PCRA court specified the date of the petition as the one filed on September 16, 2014. PCRA Court Opinion, 11/2/2015, at 3-4.

- 2 -

Appellant filed a response, which pertained solely to the sentencing-order claim he presented in his April 7, 2014 petition for writ of *habeas corpus*. On September 14, 2015, the PCRA court dismissed Appellant's PCRA petition and denied his petition seeking *habeas corpus* relief. Appellant filed timely a notice of appeal to this Court. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), but it did file an opinion pursuant to Pa.R.A.P. 1925(a).[3]

Appellant presents the following issues for our consideration:

A. Whether the [PCRA] court abused its discretion in dismissing Appellant's petition for writ of *habeas corpus ad subjiciendum* since he is confined absent a sentencing order required by 42 Pa.C.S.[] § 9764(a)(8)?

B. Whether the [PCRA] court abused its discretion in dismissing Appellant's petition for writ of *habeas corpus ad subjiciendum* as an untimely petition pursuant to the [PCRA]?

Appellant's Brief at 3 (unnecessary capitalization and suggested answers omitted).

Preliminarily, we observe that Appellant's second claim is belied by the record. In its September 14, 2015 order, the PCRA court stated that Appellant's "[PCRA p]etition is dismissed as untimely and his [p]etition seeking *habeas corpus* relief is denied." Order, 9/14/2015 (emphasis

---

[3] The PCRA court did not address Appellant's motion for post-conviction DNA testing appended to his February 26, 2011 PCRA petition until it issued its Rule 1925(a) opinion, wherein the court concluded that Appellant was not entitled to such testing. PCRA Court Opinion, 11/2/2015, at 5. Appellant does not raise any issues relating to this motion on appeal.

omitted). Thus, the PCRA court clearly provided a denial of Appellant's request for *habeas corpus* relief separate from the dismissal of his PCRA petition on the basis of untimeliness. Moreover, in its Rule 1925(a) opinion, the PCRA court explained that "[i]n ***Joseph v. Glunt***, 96 A.3d 365 (Pa. Super. 2014), the Superior Court held that a claim identical to the instant one was not cognizable under the PCRA and was properly raised in a writ of *habeas corpus*." PCRA Court Opinion, 11/2/2015, at 5; ***see Joseph***, 96 A.3d at 367-69 (treating the appellant's petition, in which he alleged that his sentence was illegal and that his constitutional rights had been violated because the DOC did not possess a lawful sentencing order authorizing his restraint, as a petition for a writ of *habeas corpus* and not a PCRA petition). Appellant fails to cite anything in the record to support his argument that the PCRA court improperly treated his request for *habeas corpus* relief as an untimely PCRA petition. Thus, we conclude that his claim is meritless.

Appellant also contends that the PCRA court abused its discretion in denying his petition for writ of *habeas corpus* on the merits. Appellant reiterates that he is being confined illegally because the DOC is not in possession of a sentencing order, which he contends is required to detain him under subsection 9764(a)(8) of the Sentencing Code.[4] In ***Joseph***, this Court considered, and rejected, this exact claim:

---

[4] Subsection 9764(a)(8) provides as follows:

The language and structure of section 9764, viewed in context, make clear that the statute pertains not to the DOC's authority to detain a duly-sentenced prisoner, but, rather, sets forth the procedures and prerogatives associated with the transfer of an inmate from county to state detention. None of the provisions of section 9764 indicate[s] an affirmative obligation on the part of the DOC to maintain and produce the documents enumerated in subsection 9764(a) upon the request of the incarcerated person. Moreover, section 9764 neither expressly vests, nor implies the vestiture, in a prisoner of any remedy for deviation from the procedures prescribed within.

*Joseph*, 96 A.3d at 371 (footnote omitted). This Court further observed that

[Joseph] has cited no apposite legal authorities demonstrating that the undisputed record of his judgment of sentence maintained by the sentencing court constitutes insufficient authority for his continuing detention. *See* T.C.O. at 2 ("Through use of the Common Pleas Case Management System, the [thirteen] page criminal docket of [Joseph] ... was obtained. This docket shows that [Joseph] was found guilty of First Degree Murder.... He was sentenced to life without parole by ... Judge John F. Cherry."); *see also* Dauphin County Criminal Docket CP–22–CR–0001269–2009 at 6. … [C]ourts confronting this issue in the past have deemed a record of the valid imposition of a sentence as sufficient authority to maintain a prisoner's detention notwithstanding the absence of a written sentencing order…. Both the criminal docket provided by the trial court and the transcript of the sentencing hearing confirm the imposition, and legitimacy, of [Joseph's] sentence.

---

**(a) General rule.--**Upon commitment of an inmate to the custody of the [DOC], the sheriff or transporting official shall provide to the institution's records officer or duty officer…

\*\*\*

(8) A copy of the sentencing order and any detainers filed against the inmate which the county has notice.

- 5 -

> Based upon the foregoing, we discern no merit in [Joseph's] arguments. The trial court properly reviewed the record and discovered a valid sentencing order contained therein. Moreover, the trial court correctly concluded that, even in the absence of a written sentencing order, the DOC had continuing authority to detain [Joseph].

*Id.* at 372.

Based on *Joseph*, section 9764 does not require the DOC to maintain and produce a sentencing order, nor does it create a remedy for noncompliance. Moreover, the PCRA court concluded that, "[u]pon review, … Judge Halbert entered a sentencing order in this matter on April 8, 1992." PCRA Court Opinion, 11/2/2015, at 5. Our review of the record confirms that the sentencing orders for each of Appellant's convictions are located therein. Thus, the PCRA court did not abuse its discretion in denying Appellant's petition for *habeas corpus* relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 5/6/2016